UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHAN VM HOLDING, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-2656 |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Plaintiff Phan VM Holding, LLC sued Defendant Evanston Insurance Company on June 10, 2019, in the County Civil Court at Law No. 1 of Harris County, Texas, under Cause No. 1135312. *See* Dkt. 1-1 (Plaintiff's Original Petition) ("Pet."). Defendant removed the action to this court on July 19, 2019. Dkt. 1. Pending before this court is Plaintiff's motion to remand (Dkt. 5) and Defendant's response (Dkt. 8). Having considered the motion, response, and applicable law, the court finds that Plaintiff's motion should be GRANTED, and this action remanded to the County Civil Court at Law.

**I. BACKGROUND**

This is an insurance dispute about damage to Plaintiff's property, which was insured under Defendant's policy. Dkt. 1 ¶ 1. Plaintiff filed a claim with Defendant for damages allegedly sustained to its property during Hurricane Harvey. *Id.* Upon inspection, the independent adjusting company hired by Defendant found no damages that exceeded the policy's two percent deductible of $70,000 and so denied Plaintiff's claim. *Id.* Plaintiff then filed suit in state court seeking actual damages, attorney fees, and a court order requiring Defendant to participate in appraisal. Dkt. 1-1,

Pet. ¶ 19a–d. Defendant subsequently removed this action to federal court, and now Plaintiff seeks remand to state court.

## II. LEGAL STANDARD

Federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "The party seeking to assert federal jurisdiction, in this case [Defendant], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed . . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). "'[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints'" that limits recovery to an amount below the jurisdictional threshold. *Id.* at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III. ANALYSIS

It is undisputed that the parties are citizens of different states. Dkt. 5 ¶ 3. Plaintiff argues remand is proper because, "[p]rior to this case being removed . . . Plaintiff filed a binding stipulation in which he states that neither he nor his attorney will seek or accept any damages exceeding $75,000.00." *Id.* ¶ 5; *see also* Dkt. 5-1 at A-31 (Plaintiff's Binding Stipulation). Defendant claims that "the actual amount in controversy is the dispute over Plaintiff's $848,972.11 estimate which

2

Plaintiff seeks to have determined by appraisal." Dkt. 8 ¶ 7. Defendant argues that Plaintiff's binding stipulation is "misleading" (*id.* ¶ 2), because "Plaintiff's pleadings do not bar an appraisal award within [the constraints of the stipulation]" (*id.* ¶ 7). However, a "statement in the stipulation that [Plaintiff] and counsel will neither seek nor accept more than $75,000 in state court after remand establishes to a legal certainty that [Plaintiff] will not be able to recover more than $75,000." *Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (citing *De Aguilar*, 47 F.3d at 1412) (Rosenthal, J.). Here, Plaintiff's stipulation contains both such provisions.[1] Accordingly, Plaintiff's binding stipulation establishes to a legal certainty that Plaintiff will not be able to recover more than $75,000, thereby depriving this court of jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (Dkt. 5) is GRANTED. The case is REMANDED to the Harris County Civil Court at Law Number One.

Signed at Houston, Texas on September 10, 2019.

Gray H. Miller
Senior United States District Judge

---

[1] While Plaintiff's stipulation does not explicitly state that Plaintiff will not *seek* more than $75,000 exclusive of interests and costs, three provisions operate to limit Plaintiff's ability to seek more than $75,000 in damages. *See* Dkt. 5-1 at A-31 ¶¶ 2, 4, 5. More importantly, Plaintiff's stipulation is explicit about not *accepting* more than $75,000 exclusive of interests and costs. Dkt. 5-1 at A-31 ¶ 3. It is the stipulation not to *accept* more than the jurisdictional amount that is determinative. *See Williams*, 2013 WL 2338227, at *2 (collecting cases that found federal jurisdiction barred where the plaintiff stipulated it would not accept damages over $75,000).

3